IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RICHARD BOWER                                                    PETITIONER
ADC #144498

V.                                    NO. 5:13cv00011-DPM-JTR

RAY HOBBS, Director,                                            RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District
Judge D. P. Marshall Jr. Any party may serve and file written objections to this
recommendation. Objections should be specific and should include the factual or
legal basis for the objection. If the objection is to a factual finding, specifically
identify that finding and the evidence that supports your objection. An original and
one copy of your objections must be received in the office of the United States District
Clerk no later than fourteen (14) days from the date of the findings and
recommendations. The copy will be furnished to the opposing party. Failure to file
timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,
different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.	Why the record made before the Magistrate Judge is inadequate.

2.	Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.	An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

## I. Introduction

On January 18, 2013, Petitioner, Richard Bower, an Arkansas Department of Correction inmate, filed a "Petition for Evidentiary Hearing" and a Motion to Proceed *In Forma Pauperis.* (Docket entries #1, #2.)  In his Petition for Evidentiary Hearing, Petitioner seeks review of the Baxter County Circuit Court's denial of his post-

2

conviction petition challenging his 2009 convictions for aggravated robbery and kidnapping. He alleges that his constitutional rights have been violated because the state circuit court dismissed his petition on the grounds it was untimely and not signed under oath. Because it is clear from these allegations that Petitioner is seeking to collaterally attack his 2009 state court convictions, his erroneously captioned "Petition for Evidentiary Hearing" can only properly be construed as a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus.[1]

On March 14, 2011, almost two years before initiating this action, Petitioner filed a § 2254 habeas action challenging these *same convictions*. *See Bower v. Hobbs*, E.D. Ark. No. 5:11cv00063-DPM-JTR (*Bower I*). On November 17, 2011, United States District Judge D.P. Marshall Jr. dismissed that case, with prejudice, finding that all of Petitioner's habeas claims were either procedurally barred or without merit. *Id.* at docket entries #11, #15, #16.

Petitioner appealed. On April 20, 2012, the Eighth Circuit Court of Appeals denied his application for a certificate of appealability, and dismissed his appeal. *Bower v. Hobbs*, No. 11-3747 (8th Cir. Apr. 20, 2012).

The United States Supreme Court later denied his petition for a writ of

---

[1]See *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (when a person is "'in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), [he] can only obtain habeas relief through § 2254, no matter how his pleadings are styled").

certiorari. (*Bower I*, at docket entry #25.)

For the reasons set forth below, the Court recommends that this § 2241 action (*Bower II*) be dismissed, without prejudice, so that Petitioner can seek permission from the Eighth Circuit Court of Appeals to file a successive habeas petition.[2]  *See* Rule 4, Rules Governing § 2254 Cases in United States District Courts.

## II. Discussion

A second or successive § 2254 habeas petition must be dismissed unless the petitioner can make a prima facie showing that he has satisfied the requirements of 28 U.S.C. § 2244(b)(2).  However, that determination is to be made by the Eighth Circuit Court of Appeals, not the United States District Court.  *Id.* § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").  Until an order of authorization is obtained from the Court of Appeals, the district court has no jurisdiction to consider a successive petition.  *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).

---

[2]There is no evidence that Petitioner has sought or received authorization from the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a successive petition.

In *Bower I* and *Bower II*, Petitioner challenges the same 2009 convictions from the Baxter County Circuit Court and the same state-court judgment pursuant to which he is now incarcerated.  As the Supreme Court succinctly observed in *Burton*, 549 U.S. at 153, this means Petitioner has "twice brought claims contesting the same custody imposed by the same judgment of a state court."  Therefore, until the Eighth Circuit rules that Petitioner has made the prima facie showing required by 28 U.S.C. § 2244(b)(2), this Court is without jurisdiction to consider this habeas action.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Petitioner's Motion to Proceed *In Forma Pauperis* (docket entry #1) be GRANTED;

2.      This 28 U.S.C. § 2254  Petition for a Writ of Habeas Corpus (docket entry #2) be DISMISSED, WITHOUT PREJUDICE, so that Petitioner may seek authorization from the Eighth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a successive habeas petition; and

3.      A Certificate of Appealability be DENIED, *see* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this 30th day of January, 2013.

_____
UNITED STATES MAGISTRATE JUDGE